IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 1: 09-CV-703 |
| v. | ) ) | COMPLAINT |
| CAROLINA MARBLE & TILE COMPANY, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, black and Hispanic, and to provide appropriate relief to James E. Ham and a class of similarly situated individuals who were adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Carolina Marble & Tile Company ("Defendant"), discriminated against James E. Ham, and other similarly situated employees based on their race, black and Hispanic, by paying them at rates less than their white counterparts for the same or substantially similar work.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and (6) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and (6).

4. At all relevant times, Defendant has been a North Carolina corporation doing business in the state of North Carolina and the city of Winston-Salem, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, James E. Ham ("Ham") filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2006 and continuing, Defendant has engaged in unlawful employment practices at its Winston-Salem, North Carolina facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), when it treated black and Hispanic employees less favorably than white employees in respect to the terms and conditions of their employment with Defendant. Specifically, Defendant engaged in a pattern or practice of discrimination by subjecting Ham and other similarly situated blacks and Hispanics to discrimination as follows:

    a. At all relevant times Ham, an African-American, and the other similarly situated blacks and Hispanics were employed by Defendant as flooring installation

helpers. Flooring installation helpers perform duties that assist Project Leaders at job sites.

b. At all relevant times, Defendant's Vice-President was responsible for setting the pay rates of employees. Smith set the pay rates of Ham, the similarly situated black and Hispanic employees, and the white employees who performed the same or substantially similar jobs as those performed by Ham and the other black and Hispanic employees, that job being flooring installation helpers.

c. At all relevant times, because of their race, Ham and the similarly situated black and Hispanic employees were paid lower wages than white employees who performed the same or jobs substantially similar jobs as those performed by Ham and the other similarly situated black and Hispanic employees. For example, while Ham and the other similarly situated black and Hispanic employees were paid a starting rate between $8.50 - $10.00 per hour, the white employees were paid a starting rate between $11.00 - $14.00 per hour. Periodic increases in pay were likewise determined by Defendant's Vice-President and resulted in Ham and the similarly situated black and Hispanic employees being paid lower wages than white employees who performed the same or jobs substantially similar jobs as those performed by Ham and the other similarly situated black and Hispanic employees.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Ham and a class of similarly situated black and Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

3

Case 1:09-cv-00703-NCT-LPA    Document 1    Filed 09/15/09    Page 3 of 6

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ham, and the other similarly situated black and Hispanic employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice that discriminates on the basis of race.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from discriminating against employees on the basis of race, specifically by paying wages to black and Hispanic employees at rates less than whites for the performance of the same or substantially similar work.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for black and Hispanic employees , and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Ham and other similarly situated black and Hispanic employees by providing them appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 7 above.

E. Order Defendant to make whole Ham and other similarly situated black and Hispanic employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above.

F. Order Defendant to make whole Ham and other black and Hispanic employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practice complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Ham and other black and Hispanic employees punitive damages for Defendant's malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 15th day of September, 2009.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NW
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES (NC 19732)
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

s/ Randall D. Huggins
RANDALL D. HUGGINS (OK 17875)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6889
Facsimile: 704.344.6780
E-mail: randall.huggins@eeoc.gov

ATTORNEYS FOR PLAINTIFF